**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| THE UNITED STATES of AMERICA EX REL.<br>TITAN MECHANICAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FRANKENMUTH INSURANCE COMPANY F/K/A FRANKENMUTH MUTUAL INSURANCE COMPANY<br><br>Defendant | Case No. ________ |

**COMPLAINT**

The United States of America, pursuant to 40 U.S.C. § 3131, *et seq.*, commonly referred to as the Miller Act, brings this action to recover against a payment bond for work performed and materials supplied by Titan Mechanical, Inc. ("Titan" or "Plaintiff") for the use and benefit of the United States of America, against Frankenmuth Insurance Company ("Frankenmuth" or "Defendant").

**PARTIES**

1. Titan is a Maine corporation with its principal place of business in Portland, Maine.

2. Defendant is a Michigan Property and Casualty Insurer. Upon information and belief, its principal place of business is located in Frankenmuth, Michigan. Frankenmuth formerly was known as, and may still also be known as, Frankenmuth Mutual Insurance Company.

## JURISDICTION AND VENUE

3. Titan files this Miller Act claim, in the name of the United States of America, against Defendants pursuant to 40 U.S.C. § 3133 and 3131.

4. The Court has jurisdiction over Titan's payment bond claim pursuant to 40 U.S.C. § 3133 and 3131.

5. Venue is proper in this Court pursuant to 40 U.S.C. § 3133 and 28 U.S.C. § 1391.

6. Under the Miller Act, 40 U.S.C. § 3133(b)(3)(B), venue is proper where Titan provided services and materials, which is the Togus Veterans Medical Center, Augusta, Kennebec County, Maine, which is within the District of Maine.

## FACTUAL BACKGROUND

7. On or about February 15, 2024, Ducas Construction Inc. ("Ducas") entered in Prime Contract No. 36C77624C0036 with the U.S. Department of Veterans Affairs ("VA") to construct a substance abuse center at the Togus Veterans Medical Center in Augusta, Maine (the "Project").

8. On or about March 25, 2024, as required by federal law, Ducas, as principal, and Defendant, as surety, jointly issued Payment Bond No. SUR0000292 (the "Payment Bond") for the protection of subcontractors and material suppliers providing labor and/or material to the Project. Exhibit ("Ex.") A.

9. On or about May 17, 2024, Titan entered into a subcontract (the "Subcontract") with Ducas to perform plumbing and mechanical work for the construction of the Project. *See* Ex. B.[1]

10. Titan delivered labor, materials, and services under the Subcontract as a first-tier subcontractor to Methuen for the Project.

11. Titan's performance was completed and accepted on October 31, 2025.

---

[1] Plaintiff does not represent that Exhibit B hereto represents the totality of contract documents.

12. Titan never received payment of the amount due, $323,246.76, for labor and materials, supplied for the Project.

**COUNT I**
**Payment Bond Claim and Miller Act Claim (40 U.S.C. § 3131, *et seq.*)**

13. Titan incorporates by reference all the preceding paragraphs of this Complaint as though fully set forth herein.

14. Titan has performed and completed its obligations under the Subcontract and fulfilled all conditions precedent to payment.

15. Ducas, as principal, and Defendant, as surety, executed the Payment Bond for the protection of all persons, including the United States, who furnished labor and/or materials in the prosecution of the Project.

16. Titan is a proper claimant under the Payment Bond, as it furnished labor and/or materials in the prosecution of the Project through the valid Subcontract and is in a class of those entitled to a right of action under the Payment Bond.

17. Pursuant to the terms of the Payment Bond, Defendants is liable to pay Titan for all work performed and all services provided by Titan to the Project for which Titan has not been paid.

18. Amounts remain due and owing to Titan under the Subcontract, despite Titan having made demand payment of such amounts owed, and having rendered full performance required by the Subcontract, thus rendering Defendant liable to Titan under the Payment Bond for these amounts.

19. In accordance with the Miller Act, Titan has timely filed this action within the statutorily appropriate amount of time from the date on which Titan performed the last of the labor or furnished or supplied the last of the material on the Project, but less than one year from such date.

20. Any and all conditions precedent to bringing an action on the Payment Bond have been satisfied or previously waived.

21. Titan is entitled to the benefits of the Payment Bond provided by Defendants.

22. Titan is entitled to judgment against Defendant for all amounts due under the Subcontract in accordance with Defendant's obligations under the Payment Bond.

23. Titan seeks damages in an amount to be determined at trial.

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

**PRAYER FOR RELIEF**

WHEREFORE, Titan Mehanical, Inc. demands judgment against Defendant as follows:

a. Judgment in Plaintiff's favor on its claims made herein;

b. Principal amount of $323,246.76, plus any additional amounts the evidence warrants or the Court deems just and proper;

c. Reasonable attorneys' fees to the extent permitted by law, plus costs and expenses of litigation; and

d. Such other and further relief as the Court deems just and proper.

Dated: October 22, 2026

/s/ Theodore Small
Theodore Small, Me. Bar No. 9364
SKELTON TAINTOR & ABBOTT
491 Lisbon Street
Lewiston, Maine 04240
Telephone: (207) 784-3200
tsmall@sta-law.com
*Counsel for Titan Mechanical, Inc.*